UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HARRINGTON,<br>　　　　Plaintiff,<br>　　v.<br>ANDREW SAUL,<br>　　　　Defendant. | Case No. 20-cv-04148-PJH<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 25 |

Before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

**BACKGROUND**

On June 23, 2020, plaintiff appealed the decision from the Social Security Administration that he was not eligible for disability benefits. Dkt. 1. On April 12, 2021, plaintiff moved for summary judgment, and defendant cross moved for summary judgment. Dkt. 20, 21. On March 14, 2022, this court granted plaintiff's motion for summary judgment, in part, and denied defendant's motion for summary judgment in its entirety. Dkt. 23 at 15. On May 31, 2022, plaintiff moved for attorneys' fees, seeking an award of $11,237.54. Dkt. 25 at 5. Defendant filed an opposition on June 16, 2022, and plaintiff filed a reply on the same day. Dkt. 27, 28.

**DISCUSSION**

### A. Legal Standard

The EAJA mandates an award of attorneys' fees and expenses to a prevailing party, other than the United States, in any civil action other than one sounding in tort "brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

In making this determination, a court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." Gutierrez v. Barnhart, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (internal citation and quotation marks omitted). The government bears the burden of showing substantial justification. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).

If fees are awarded under the EAJA, the court has considerable discretion in determining the amount of the fee award, including the reasonableness of the fees claimed by the prevailing party. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). In determining what constitutes a reasonable fee award, a court should consider factors such as the number of hours requested and duplication of effort. Id. at 1397. A court should not, however, apply a "de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits. Rather individualized consideration must be given to each case." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1134 (9th Cir. 2012). A court may impose "a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008). Greater reductions require "a more specific articulation of the court's reasoning." Id. at 1111.

### B. Analysis

Plaintiff moves for a total fee award of $11,237.54. Dkt. 25-1, ¶ 5. The parties do not dispute that plaintiff is the prevailing party in this matter. See Gutierrez, 274 F.3d at

2

1257 (stating, "[a]n applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded"). Defendant does not assert that the government's position was substantially justified or that special circumstances exist here. The parties do not dispute that plaintiff counsel's hourly rates are reasonable under Ninth Circuit standards—$207.78 for 2020 and $217.54 for 2021 and 2022. Statutory Maximum Rates Under the Equal Access to Justice Act, United States Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates; See 8 U.S.C. § 2412 (d)(2)(A), Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6. And plaintiff does not oppose defendant's request that any fees awarded be made payable to plaintiff if they are subject to the Treasury Offset Program. Dkt. 27 at 2; Dkt. 28 at 12.

What the parties do dispute is the reasonableness of plaintiff's proposed fee award. Specifically, defendant argues plaintiff's proposed fee award is unreasonable for three reasons: (1) the number hours billed by counsel is too high given counsel's experience with social security cases and given the two "run-of-the-mill" issues raised in this case; (2) plaintiff's counsel billed for clerical work at an attorneys' hourly rate; and (3) plaintiff's counsel billed .1 hours for perfunctory tasks. Dkt. 27 at 3–5. For these reasons, defendant requests a fifty-percent reduction to plaintiff's proposed fee award. Id. at 5.

Under the EAJA, the prevailing party "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The prevailing party must exercise "billing judgment," i.e., only bill for work that would be billed to a private client. Id. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's adversary pursuant to statutory authority."). And the prevailing party should not seek fees for work that is "excessive, redundant, or otherwise unnecessary." Id.

First, plaintiff's counsel declares she spent 51.8 hours litigating this action. Dkt.

25-1. A court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. It is not unusual for an attorney to bill over 50 hours for social security matters of this nature that involve a voluminous record. See Valle v. Berryhill, No. 16-CV-02358-JSC, 2018 WL 1449414, at *2 (N.D. Cal. Jan. 18, 2018) (awarding fees based on 116.9 billable attorney hours); Stevenson v. Astrue, No. C 10-04837 LB, 2012 WL 5412704, at *7 (N.D. Cal. Nov. 6, 2012) (awarding fees based on 59.3 billable attorney hours). There is no basis to call into question plaintiff counsel's declaration, including counsel's experience with social security matters or the routine nature of this case. See Gregory S. v. Saul, No. 19-CV-07543-JSC, 2021 WL 1668059, at *3 (N.D. Cal. Apr. 28, 2021) (awarding fees to counsel experienced in social security matters because social security "cases involve a myriad of complex legal issues as well as oftentimes a voluminous administrative record"). Indeed, it is "an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in routine cases." Costa, 690 F.3d at 1137 (internal quotation marks omitted). Accordingly, the court does not find plaintiff's proposed fee award unreasonable because it is based on 51.8 billable attorney hours.

Second, the Ninth Circuit has explained that "purely clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (internal quotation marks and alterations omitted). Plaintiff's counsel stipulates to erroneously billing .2 hours of clerical work at an attorney's rate, and such entries are unreasonable. Dkt. 28 at 7; Dkt. 25-2. Accordingly, plaintiff's proposed fee award will be reduced by $41.56.

Third, courts have found .1 billing entries to be reasonable, so long as the entries are not for perfunctory, vague, or redundant tasks. See Khan v. Comm'r of Soc. Sec., No. 18-CV-02868-JSC, 2019 WL 5102601, at *5 (N.D. Cal. Oct. 11, 2019). Plaintiff's counsel billed .1 hours for tasks such as reviewing orders, decisions, and an answer, and drafting client emails and paperwork. These tasks and billing entries are not perfunctory,

4

vague, or redundant. As such, plaintiff's proposed fee award is not unreasonable on this basis.

Accordingly, the court finds plaintiff's proposed award of $11,237.54 minus $41.56 reasonable.

Plaintiff seeks an additional award for the 2.5 attorney hours associated with preparing plaintiff's reply brief. Under the EAJA, a plaintiff may seek fees for hours spent litigating an EAJA fee award. See INS v. Jean, 496 U.S. 154, 162 (1990). Courts routinely award fees for hours spent preparing reply briefs. See Valle, No. 16-CV-02358-JSC, 2018 WL 1449414, at *3 (finding a billing entry for 9.75 hours reasonable for preparing a reply brief); Potter v. Colvin, No. 14-cv-02562-JSC, 2015 WL 7429376, at *4 (N.D. Cal. Nov. 23, 2015) (awarding $569.04 in fees for three hours spent preparing a reply brief); Smith v. Astrue, No. C 10–4814 PJH, 2012 WL 3114595, at *5 (N.D. Cal. July 31, 2012) (awarding fees for 2.6 hours spent preparing a reply brief). Accordingly, the court finds the additional fees in the amount of $543.85 associated with plaintiff's reply brief reasonable.

## CONCLUSION

The court GRANTS plaintiff's motion and awards $11,739.83 in attorneys' fees. Barring evidence of a valid assignment, the EAJA fee award shall be paid directly to plaintiff, subject to any administrative offset due to outstanding federal debt.

**IT IS SO ORDERED.**

Dated: July 29, 2022

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge